UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YASMEEN TAYLOR,

          Petitioner,                                  Case No. 20-cv-13359

v.                                                       HON. MARK A. GOLDSMITH

JEREMY HOWARD,

          Respondent.
_____/

**OPINION & ORDER
(1) REVISING DOCKET, (2) GRANTING
IN PART AND DENYING IN PART PETITIONER'S MOTION TO
LIFT STAY AND AMEND PETITION (Dkt. 8), (3) SETTING DEADLINES, AND
(4) DENYING RESPONDENT'S MOTION TO HOLD ORDER IN ABEYANCE
(Dkt. 7)**

On December 8, 2020, Petitioner Yasmeen Taylor, who is proceeding pro se, filed a letter inquiring whether the Court could grant an extension of time to file a habeas corpus petition (Dkt. 1). The letter was docketed as a petition for a writ of habeas corpus. Id. A letter is insufficient to commence a habeas corpus proceeding. See Rules Governing Section 2254 Cases, Rule 2. Petitioner later corrected this deficiency by filing a proper petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (Dkt. 3).[1] The Court ordered Respondent to file a response to the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases (Dkt. 4). Now before the Court are: (i) Petitioner's motion

---

[1] This petition was docketed as an "amended petition." It is not, however, an amended petition because Petitioner's initial pleading was a letter, not a petition. The Court will order the docket corrected to reflect the true nature of the pleadings.

to lift the stay and amend the petition to add a new claim (Dkt. 8) and (ii) Respondent's motion to hold in abeyance the order requiring a responsive pleading (Dkt. 7).

Petitioner asks the Court to lift a stay and permit her to amend her petition by adding a sentencing-related claim. This matter has not been stayed, so the Court denies the portion of Petitioner's motion asking the Court to lift the stay. Petitioner also seeks to amend her petition to add a sentencing claim. Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a petition once as a matter of course within "21 days after serving it . . . or 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). A responsive pleading has not yet been filed, so Petitioner may amend her pleading without leave of the Court.

Petitioner attached to her motion a brief in support of her new claim. Generally, when a pleading is amended under Rule 15(a), the amended pleading supersedes the original pleading. See Clark v. Johnston, 413 F. App'x 804, 811 (6th Cir. 2011) ("'[T]he original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.'") (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)) (footnote omitted in original). The original pleading may be incorporated in the amended pleading if the party submitting the amendment intended the latter pleading to supplement, rather than supersede, the original pleading. See id. Here, Petitioner clearly intended the sentencing claim attached to her motion to supplement rather than supersede the original petition. Because Petitioner is a prisoner proceeding pro se, the Court will not require her to file one unified petition and will refer to the original petition (Dkt. 3) and the

supplemental petition filed with Petitioner's motion to amend (Dkt. 8) as an "amended petition."

Also before the Court is Respondent's motion to hold the order requiring responsive pleading in abeyance because Petitioner's application for state-court collateral review was pending in state court at the time she filed her petition. Today's order requiring Respondent to file an answer responding to the claims raised in Petitioner's amended petition supersedes the earlier order. Respondent's motion, therefore, is denied as moot.

Accordingly, IT IS ORDERED as follows:

1) The Clerk of Court is directed to revise Dkt. 1 from "Petition for Writ of Habeas Corpus" to "Letter from Yasmeen Taylor regarding time for filing habeas corpus petition."

2) The Clerk of Court is directed to revise Dkt. 3 "Amended Petition for Writ of Habeas Corpus filed by Yasmeen Taylor against Jeremy Howard" by deleting the word "amended."

3) Petitioner's motion to lift stay, amend, and add newly exhausted claim (Dkt. 8) is granted in part. Petitioner's request to amend her petition is granted, and the additional claim attached to her motion shall supplement her original petition (Dkt. 3). Petitioner's request to lift the stay is denied, as this matter was not stayed.

4) Respondent shall file an answer responding to the allegations of the amended petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases.

5) Petitioner has 45 days from receiving Respondent's answer to file a reply brief.

6) Respondent's motion to hold the order regarding responsive pleading in abeyance (Dkt. 7) is denied as moot.

SO ORDERED.

Dated: September 6, 2022　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2022.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　KARRI SANDUSKY
　　　　　　　　　　　　　　　　　　　　　Case Manager